■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HARRIS, Appellant. — Judgment of the Supreme Court, New York County (Evans, J.), rendered November 20, 1981, convicting the defendant of four counts of robbery in the first degree and sentencing him to four consecutive indeterminate prison terms of from 12½ to 25 years, modified, on the law and the facts, and as a matter of discretion in the interest of justice, to make the four sentences concurrent rather than consecutive. ¶ The defendant, who seemingly had not been involved in criminal activity for several years, engaged in a robbery spree in which he stole money and a gold chain from one individual and then crossed the street and held up two individuals and then held up another individual. ¶ If the sentences are consecutive, the aggregate maximum indeterminate term would be 15 to 30 years (Penal Law, § 70.30, subd 1) and there would also be a question of whether there should be four indictments or rather three, inasmuch as two individuals were held up at the same time and, as to that, if two separate items, the sentences should be concurrent. (Penal Law, § 70.25, subd 2.) ¶ On all of the facts, it would seem that concurrent sentences would be appropriate. In any event, these concurrent sentences are consecutive to any undischarged time on the defendant's prior sentence. Concur — Kupferman, J. P., Sandler, Ross, Silverman and Alexander, JJ.

## (May 22, 1984)

■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Petitioner, v BOISE-GRIFFIN STEAMSHIP CO., INC., Respondent. — Petition by the State Division of Human Rights, pursuant to section 298 of the Executive Law (Human Rights Law), unanimously granted, without costs, and respondent is directed to comply with the July 18, 1983 order of the Commissioner of Human Rights, particularly paragraphs one and two thereof, by ¶ (1) payment to complainant of back pay in the amount of $23,916.69, plus interest at the rate of 9% from November 10, 1981 to the date of this order, and ¶ (2) payment to complainant of $5,000 damages. ¶ After a determination by the Commissioner that respondent had discharged complainant for racially discriminatory reasons, respondent had a right to appeal to the State Human Rights Appeal Board, pursuant to section 297-a of the Executive Law. Respondent did not do so and is consequently barred from now seeking judicial review. (Cf. Executive Law, § 298.) Concur — Murphy, P. J., Kupferman, Carro, Silverman and Alexander, JJ.